1
2
3
4
5
6
7

# JS-6

8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11

DEMETRIUS CARTER,

Case No. 2:24-cv-04128-FLA (RAOx)

12

Plaintiff,

13

v.

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 61]**

14

TRANSDEV SERVICES INC., *et al.*,

15

Defendants.

16
17
18
19
20
21
22
23
24
25
26
27
28

# RULING

On October 11, 2023, Plaintiff Demetrius Carter ("Plaintiff") filed the Complaint in this action in the Los Angeles County Superior Court, asserting claims against Defendants Transdev Services, Inc. ("Transdev"), Sam Tolley, and Laura Hendricks.  Plaintiff asserts state law causes of action for failure to pay wages, failure to reimburse business expenses, failure to pay wages upon termination, waiting time penalties, unfair business practices, intentional infliction of emotional distress, and assault and battery.  Dkt. 1, Ex. A ("Compl.").[1]

On May 17, 2024, Transdev removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1 ("NOR").  On July 18, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 16.  Only Transdev filed a response.  Dkt. 17 ("Transdev Resp.").

Having reviewed the Notice of Removal and Transdev's response to the OSC, the court finds Transdev fails to establish the court has subject matter jurisdiction and REMANDS the action to the Los Angeles County Superior Court.

# DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As the removing party, Transdev bears the burden of establishing subject matter jurisdiction. *See id.* at 567. Transdev contends the amount in controversy exceeds the jurisdictional minimum of $75,000 based on Plaintiff's requests for lost wages, emotional distress damages, attorney's fees, and punitive damages. NOR at 7–11; Transdev Resp. at 4. The court addresses each category in turn.

### A.    Lost Wages

Transdev argues Plaintiff's claim for lost wages places $61,694.80 in controversy, assuming Plaintiff would have worked, but for his termination, 40 hours per week for 94 weeks between July 28, 2022, and May 17, 2024 (the date of removal), at an hourly rate of $16.48. Transdev Resp. at 4. Transdev offers the declaration of its Director of Payroll, who attests only to Plaintiff's hourly salary in 2021 ($16.00) and 2022 ($16.48). Dkt. 17-1 ¶¶ 1–3. Without more, however, this is insufficient, as neither Plaintiff nor Transdev offer evidence establishing Plaintiff consistently worked 40 hours per week before his termination, and would have continued to do so for the 94 weeks following his termination. Transdev's assumption of Plaintiff's weekly hours worked is purely speculative. By failing to produce

3

1   adequate evidence to support the calculations, Transdev cannot demonstrate that any

2   amount of lost wages is in controversy.[2]

3   **B.   Emotional Distress**

4   To determine the amount of emotional distress damages in controversy, courts

5   consider the amount of emotional distress damages awarded by juries in similar cases.

6   *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt*

7   *Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018).  "While … jury

8   verdicts in similar cases can provide evidence of the amount in controversy, the cases

9   must be factually identical or, at a minimum, analogous to the case at issue."  *See*

10  *Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

11  Courts are not required to include emotional distress damages in the amount in

12  controversy when the party asserting jurisdiction fails to provide evidence of jury

13  awards from similar cases.  *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-

14  01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v.*

15  *Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3

16  (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty

17  damages sums in the past without further explanation (by facts or evidence) how the

18  facts in those cases compare to the facts presented here is … insufficient to meet [the]

19  burden to establish the amount in controversy by a preponderance of the evidence.").

20  Transdev cites to several cases in which juries awarded emotional distress

21  damages, and argues "Plaintiff's emotional distress damages alone exceeds the

22  necessary threshold for removal."  Transdev Resp. at 6–7.  However, Transdev does

23  not present evidence of Plaintiff's emotional distress damages or identify how the

24  ───────────────

25  [2] Transdev also argues Plaintiff's claims for failure to pay minimum wage, failure to
    provide meal and rest breaks, and failure to pay all wages due upon termination place

26  in controversy $4,222.40, $8,444.80, and $3,955.200, respectively.  Mot. at 5.
    Transdev again calculates these amounts based on speculative assumptions.  Even if

27  the court were to accept these calculations, the sum of these amounts is insufficient to

28  satisfy the jurisdiction threshold.

facts of the cases cited are similar to those of the instant action.  It is insufficient to state merely that the cited cases are also "employment cases."  *Id.* at 6.  Transdev, thus, fails to meet its burden to establish any specific amount of emotional distress damages should be included in the amount in controversy.

### C.    Punitive Damages

"[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."  *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022).  "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000."  *Id.*  Accordingly, a removing defendant must "articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages."  *Id.* (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Transdev argues the court "should consider at least $55,000.00 in punitive damages[.]"  Transdev Resp. at 8.  As above, Transdev does not explain why any particular facts pleaded might warrant punitive damages if proven or identify any comparable cases in which a specific amount of punitive damages was awarded based on similar facts as pleaded in the Complaint.  Transdev, thus, fails to show that any specific amount of punitive damages is in controversy.

### D.    Attorney's Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  "A district court may

1    reject the defendant's attempts to include future attorneys' fees in the amount in

2    controversy if the defendant fails to satisfy this burden of proof." *Id.*

3       Transdev estimates Plaintiff's counsel will spend 200 hours on the case through

4    trial, at an assumed rate of $350 per hour, which would entitle Plaintiff to at least

5    $70,000 in attorney's fees. Transdev Resp. at 7–8. Transdev cites to several cases

6    granting similar or higher awards (*id.*), but again does not identify how those actions

7    are factually similar to the instant action, as required for the court to conclude it is

8    more likely than not Plaintiff will recover attorney's fees if he prevails here. The

9    mere fact that the court may exercise its discretion to award Plaintiff attorney's fees if

10    he prevails is insufficient to demonstrate that such award is reasonably likely or

11    should be included in the amount in controversy. Thus, Transdev fails to demonstrate

12    that its estimate of Plaintiff's attorney's fees is not speculative, and the court will not

13    include this estimate in its calculations.

## CONCLUSION

15       Given that any doubt regarding the existence of subject matter jurisdiction must

16    be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566,

17    the court finds Transdev has not established by a preponderance of the evidence that

18    the amount in controversy meets the jurisdictional minimum for diversity jurisdiction.

19    *See* 28 U.S.C. § 1332. The court, therefore, REMANDS the action to the Los Angeles

20    County Superior Court, Case No. 23AVCV01153. All dates and deadlines in this

21    court are VACATED. The clerk of the court shall close the action administratively.

23       IT IS SO ORDERED.

25    Dated: August 12, 2024

27

28               FERNANDO L. AENLLE-ROCHA
               United States District Judge